## THE HOUSTON & TEXAS CENTRAL R. R. CO. vs. J. F. WILSON.

### SUPREME COURT, TYLER TERM, 1883.

1. *Charge of the Court*—The statutes of this State do not require a person approaching a railroad crossing to wait and listen for signals of approaching trains, hence, the court did not err in refusing charge to that effect.

2. *Negligence.*—A familiar rule of law is that when a statute requires an act to be done, a failure to do it as required, is negligence *per se*.

3. *Same.*—The statutes of this State required railways, in approaching crossings, to ring within eighty yards, and enforces penalty of fifty dollars, besides liability for damage. But such liability of damage does not attach to negligence *per se*, but only to actual damage inflicted.

4. *Same—Reasonable care.*—The care exacted of a person approaching a railroad

crossing to ascertain the proximity of approaching trains is such as is exacted of a reasonable cautious and prudent person.

5. *Same.*—While the public is required to use precaution to avoid injury at railway crossings, so also is the railway required to exercise precaution to avoid infliction of injury.

6. *Evidence* is said by the jury to show failure of a railroad to ring or whistle on approaching a crossing, and that cars were side-tracked so as to obscure the view. Held that the evidence sustains the finding-

Appeal from Collin County.

*Maltbie, Hare & Head* for defendant.

STATEMENT.

Wilson instituted this suit against the railroad company, August 27th 1875, to recover damages for personal injuries, the killing of a horse and the destruction of the wagon. The case as made was in effect, about the 20th day of August 1875.

He was driving his wagon along a public highway which crossed the railroad track in the city of McKinney, that on the side from which he approached the track that it was obstructed by freight cars standing on the siding, that he looked and listened for an approaching train before he undertook to cross, but neither saw nor heard any. About the time he was on the main track the engine struck his wagon, utterly destroying it, and killing one horse, also injuring himself severely.

That there was no bell rung, or whistle sounded by those operating the train until just about the time of the collision.

Claimed damages for injury to his person $25,000. For destruction of wagon $125. For killing the horse $50.

On January 18th 1878, the case was tried, resulting in a verdict and judgment for Wilson for one thousand dollars. The case is now before the court on writ of error.

The errors assigned and relied upon are that the court erred in refusing instrutions asked. The verdict is not supported by the evidence and is excessive.

Opinion by Watts, J.

Plaintiff in error insists that the court erred in refusing to give certain instructions to the effect, that if the defendant in error was not in a position to see whether there was an approaching train, that then it was his duty to stop his wagon and listen for such trains before undertaking to make the crossing. And a failure to do this

would preclude a recovery by him for any injury received, notwithstanding those operating the train were negligent in omitting to ring the bell or sound the whistle.

The court had instructed the jury, that it was the duty of defendant in error, before attempting to cross the railroad track, to use the ordinary and proper precautions appropriate to the situation, and to look out and listen for approaching trains; and that a failure to do this, would constitute concurrent negligence, and preclude a recovery by him.

As will be seen the real distinction in the instructions given and those refused, is, that by the latter the defendant in error was required, before attempting the crossing to, *stop* his wagon so as to listen and look out for approaching trains.

Plaintiff in error cites two cases from Pennsylvania in support of the proposition embodied in the refused charges. The Pittsburg, Fort Wayne & Chicago R. R. Co. vs. Dunn 56th Penn. St, 280, and the Lehigh Valley Railroad Co. vs. Hall 61st Penn. St. 361.

In the first the court below charged the jury that "when a traveller on a public highway approaches a public crossing, it is his duty to stop and look out and listen for trains before going upon the track, and if he fails to do so, such failure is not merely evidence of negligence, but the law declares it to be negligence, &c."

No point was made in the Supreme Court upon that branch of the charge, and therefore no comments were made by that court with respect to the point. However in the other case the court remarked that "it is true, that it was the duty of the deceased, before attempting to cross the railroad, to stop and look both ways, and listen for approaching trains. Doubtless the Statute then in force in that State prescribed these precautionary measures. For in the absence of statute the question of negligence is one of fact to be determined from the evidence in each particular case.

It is a familiar and general rule, that when the statute requires an act to be done, a failure to do it as required is negligence *per se*; that is, it will be so declared as a matter of law.

Our Statute does not require persons approaching a public crossing on a railroad track, to stop and listen and look out for approaching trains.

Therefore in would be incorrect for the court to instruct the jury that a failure to do so, would constitute negligence.

Our Statute requires that those operating trains shall in approaching public crossings ring the bell or sound the whistle for a distance of eighty rods from the crossing, and enforces this command with a penalty of fifty dollars, besides makes the company liable for all damages occasioned by the omission. A failure therefore to ring the bell or sound the whistle as required is as a matter of law negligence. But it should be remarked that a liability does not attach to every act of negligence *per se*, such liability only attaches where the injury results from the negligence.

As before remarked our Statute does not require of those approaching a public railroad crossing to stop and look, and listen for passing trains before attempting to make the crossing. Then whether a failure to do so would or not constitute negligence, is a question of fact, and to be determined by the jury from the facts and circumstances of each particular case.

Persons approaching such crossings should exercise due care to ascertain whether there are trains approaching so as to render passing the track hazardous. The criterion furnished by the law for ascertaining the measure of such care, is that which would be exercised by a reasonably cautious and prudent person under like circumstances.

It is a mistake to suppose that railway companies have the exclusive right to public crossings. Then the duties of the company and the public are reciprocal, and the rights of each restricted by public necessity and convenience.

While the public in the exercise of the right to pass the railway track at such points, must use proper precautions to avoid injury from passing trains; so also those operating trains are required to use proper precautions to avoid inflicting injury upon those crossing the track.

In this case, upon a conflict of evidence, the finding of the jury affirms, that those operating the train omitted either to ring the bell or sound the whistle as prescribed by the Statute. Also that there were freight cars standing on the siding to the east of the main track, and which obstructed the view of the main track from the direction that defendant in error approached the crossing. And now we think the verdict is in these particulars supported by the evidence.

Then, this is the attitude of the case, those operating the train omitted either to ring the bell or sound the whistle.

And besides the company was negligent in permitting the freight cars to be so left on the siding as to obstruct the view of the main tract. While the defendant in error did look and listen for approaching trains before he undertook to make the crossing as testified to by himself, and affirmed by the finding of the jury. He had a right under the circumstances to rely upon the performance of the acts required by the Statute of those operating trains. And he would not be expected to anticipate such culpable negligence, as an omission to ring the bell or sound the whistle. He might under the circumstances have assumed that if the train was approaching that either the bell would be ringing or the whistle sounding.

See Strong vs Placerville R. R. Co. American and English R. R. cases, Vol. 8 p. 273.

He had a right to rely upon and expect the performance of this duty by the employees of plaintiff in error. And it does not appear but that if the law had been complied with in this respect, defendant in error would have heard the approaching train and avoided the injury.

It cannot be said, that it appears from the evidence defendant in error upon that occasion failed to exercise that degree of care and caution that would under like circumstances have been exercised by a reasonably prudent person.

Plaintiff in error claims that the verdict is excessive, and for that reason should be reversed. There is evidence in the record to the effect that defendant in error was severely injured about the shoulders, from which he was disabled and could not labor for nearly a year. Also that he was confined to his bed for five or six weeks, during which time he suffered from severe pain, and still suffers from the injury. It also appears that his wagon was destroyed and one horse killed by the collission.

We are of the opinion that the verdict is not excessive, and from a view of the entire record, that the judgment ought to be affirmed.

Report of commissioners of appeals examined, their opinion adopted, and the jhdgment affirmed.

                                        WILLIE, C. J.